May it please the Court, Randy Warner representing Appellant Teresa Williams. I will try to save about three minutes for rebuttal, and we'll see how that goes. The main issue before you is whether the trial court abused its discretion by extending the time for service under Rule 4M seven years. Actually, it's over seven years past when the lawsuit was first filed, over eight years past when the incident occurred. I'm quite aware of the uphill climb that I've got. Abusive discretion is the most deferential of standards of review, and the discretion in this area is, I concede, broad. But it's not without limits. Let me ask you this. This is not the posture of the case. I freely start out with that. But what if this had been a Relationback case under Rule 15, and your client had not originally been named, but was aware of the suit from the very first get-go of its having been filed, and there's an attempt to add her as a defendant as time goes on? Would Relationback have applied? Let me see if I understand the hypothetical. My client is not added to the lawsuit until, say, seven years later. Right. However, she, at the time the lawsuit is filed, knows that but for a mistaken identity, she would have been named originally. The classic – For some other reason. She just knows that – she's thanking her lucky stars for quite a while here that she wasn't added as a defendant, but she knows about the Your Honor, if all the requirements of Rule 15c are satisfied, Relationback would apply, but that's not the same as saying that the service was proper or was timely. I understand that. Now, let me ask you this. Is there anything in the record from which we may either know or reasonably infer as to whether your client did know about this lawsuit when it was filed but not served against her? There's nothing in the record one way or the other. Can I follow up on that? You entered something that is denominated as a notice of association of counsel on September 15 of – I think it's 2001. I printed it off a pacer. It's docket number 159 in the district court docket on behalf of Ms. Williams's counsel of record. Had you previously entered a notice of appearance on behalf of Defendant Williams before she was served in the lawsuit? Your Honor, it's not clear what you're asking. Let me separate two things. Mr. Klein was the council of record for the County throughout this case. When Ms. Williams was served, he entered an appearance on her behalf. When she was served, or when the lawsuit was filed and served on the County? My understanding is that it was when she was served. So he didn't simply enter a general notice of appearance on behalf of the County and all of its named defendant employees whenever the County was served? I don't believe he did, Your Honor. I'd have to go back and check the record. I know that there are places in the record where he generically uses the term defendants, but I don't believe there's any point in which he entered an appearance which would be a waiver on her behalf. Well, I mean, that's obviously the basis for my question. And then the follow-on to that is, suppose, to use a hypothetical, that at the time that you or Mr. Klein entered a notice of appearance on behalf of Defendant Williams and all the other employees who were sued, a determination was made that there might be a finger at Officer Williams and say, if the plaintiff was injured, it was Officer Williams who did it and not me. Would that impact our evaluation of whether there was prejudice to Ms. Williams if she later had to get a different lawyer who had not been involved in the case from the beginning and who would essentially have to start over from scratch when he was associated to solve the conflict? Let me separate what I think are two issues. If a notice of appearance is entered on behalf of Ms. Williams, and I don't think there was one, I'll go back and check, and no doubt the court will. I think that's If I looked and the only thing I could find is this notice of association of counsel. If a notice of appearance is entered on her behalf, she's appeared in the case. That's a waiver of service. And so, really, every other issue becomes moot at that point. And I couldn't find any such document in our look at the document. The fact that there may or may not be a conflict at that point in time or that developed subsequent to that really is irrelevant. If she's appeared, she's appeared, and the service becomes a moot issue. There's no evidence in this case of any conflict of interest. Maybe I'm not asking my questions very clearly. What I'm trying to get at here is the issue of prejudice. If she's not brought into the lawsuit until seven years after the lawsuit is filed, the argument is made by the other side that, well, there really isn't any prejudice here because it's the same lawyer who's been defending all the defendants throughout. Therefore, he or his firm is in possession of all the relevant facts. How could she be harmed? But it seems to me that you could have a situation where a defendant who's brought in at such a late point where a conflict exists is required to obtain a different lawyer, and then would our analysis be different in evaluating whether the district court abused its discretion? Your Honor, in that situation, there would be one additional element of prejudice. We've not argued that the prejudice was she didn't have counsel. The same lawyers represented throughout. Our argument is there's no case law that I'm aware of that says the fact that you're represented by a lawyer who was involved in the case seven years before you got involved in the case does not constitute no prejudice. In fact, the prejudice is, as the case law presumes, memory problems and the absence of witnesses. And in this case, a witness died. I was just going to ask about that. When did he die? Mr. Kerr died in 1998. The lawsuit was filed in 1996. So there was a period of about two years. It isn't as if he died the day after the complaint was filed, in which case it would have been irrelevant if your client had been served timely because he was already dead. But there was a lengthy period during which, if she had been served, she could have deposed him, presumably. Correct. And there's a statement in plaintiff's brief that says, well, he died early in the case. Your Honor, only in this case would two years into it be considered early, certainly not early in the case. There was a death of the Navajo or the Apache County Sheriff's Lieutenant who investigated the abuse of force complaint. And was he going to be a witness at the trial? Your Honor, it's unclear whether the trial court would have let him be a witness. There's lots of discussion in the trial about whether his report was going to be admitted. As Mr. Glancer points out in the brief, nothing in the record shows when he died. And given that, I'd have to say I can't rely on that. You're not relying on his death to show prejudice? No. What I am relying on is the presumption of prejudice, which in turn has a lot to do with Ms. Williams' memory. There's lots of points in which, during her cross-examination, she says things like, to the best I can recall, I'd have to rely on my report for that, I don't have a specific recollection, things like that. And the case is presumed that that's the case. Although I have to say that I read testimony like that constantly in cases that haven't been particularly delayed, particularly when a precise recollection might work to the disadvantage of the testifying witness. It's not as though we don't run into, I'm not sure, blah, blah, blah. Let me ask you this. How would your argument be affected if, instead of serving seven years after, service had been made two and a half years after? Because at that point, Officer Kerr is dead. What's the difference between two and a half years' wait before you serve and seven years before you serve in this case in terms of prejudice? Your Honor, I don't mean this as a flippant answer, but the difference is five years. There is no line we can draw to say this is too much, that's too much. I'm absolutely positive that 30 years or 20 years is too much. I'm positive that six months probably creates no prejudice. Two and a half months is pretty close to the line. Seven years is far past the line. Okay. But the additional prejudice can't be the death of Officer Kerr. It will be things like deterioration of memory of Ms. Williams and so on. And the presumption of prejudice, correct. With the Court's permission, I'll save the last minute. Yes, you may do that. Mr. Flanser. Good morning. May it please the Court, I'm Dennis Flanser. I'm the attorney for the plaintiff, the appellee, Robert Hefa, who is present with me today in court. Is there anything in the record that explains what the reasons were for the extraordinary delay in service in this case? I've checked that backwards and forwards as well. And when I filed the motion to have additional time to serve, I did not include why we hadn't been able to serve up to that point in time, but I did indicate that what we had done at that time or close to that time had not been effective to locate Ms. Williams. And so as far as the record goes, there's nothing specific in the record. So as the case – I don't know if I mentioned it in oral presentation or not. As the case reaches us then, we have essentially an unexplained delay of – well, using the date that Judge Tolman is referring to from the entry of appearance, it's still a period of approximately five years. The lawsuit was filed in 1996. And that notice of counsel appearance or substitution or association is 2001. Actually, I misspoke. It's September 15, 2004. It's 2004. Okay. Well, she was served in 2003, so it's the seven years. What do we make of that when there's no explanation, even without a dead witness? One of the answers is that the trial court judge obviously was familiar with positions that were being presented orally by the parties, and I don't know if I told her specifically what the reason was. I came into the case as I tried to set it up – I tried to set up my answer to your question, Your Honor, through – by inference from the record. I came into the case in 2001 in April, and at that time Mr. Ifaw had started the case pro se, had been represented by one counsel for one year, and then was not represented by counsel again for several years. When was that year when he had previously been represented? That was from 19 – in 1996, a few months after the complaint was filed, up until 97, about a 14-month period, I believe. So all of that began before Kerr died and when it was close to the time of the filing of the claim. In fact, Your Honor, it was August 30 of 96 to October 7 of 97. In a case like this, how do we decide? I mean, the standard is easy to state. It's abuse of discretion. And applying that, what would be an abuse of discretion in your view, and how do we decide whether a particular length of time is too long? I believe that reviewing the record is part of the answer, that the trial court is in a position to make an analysis and an impression based on not only the pleadings, but also contacts with counsel during status conferences and other hearings before the court, to assess whether the trial judge believes that there is a deliberate attempt to delay for some reason, for a strategic reason. And certainly, I never presented to the trial court any such reason. I never did have any. So the trial court couldn't have made such a finding in the absence of any evidence one way or the other? No. And in fact, it was, I mean, honestly, it was just an oversight that I had that the defendant, Williams, had not been served. And in fact, it was the trial court judge who brought it to the attention of both counsel at a status conference in 2003, I believe, that... At the time the trial judge brings it to your attention that Ms. Williams has not been served, have you had any dealings with Ms. Williams? No, I had had no contact with her. One of the things that's puzzling me about this case is that Officer Kerr, the suit's filed in 96, he dies in 98, two years later. We don't get filed in the court a suggestion of death until five years after his death in September of 2003. And that's about the time all of a sudden everybody's paying attention to the case. Why in the world are the defendants waiting for five years after the death to notify the court of what's obviously a complete defense as to Mr. Kerr? It's a good question, and of course, it's not one that I can answer. I don't represent the defendants. I've never discussed it with the defendants of counsel, so that would be for the defendants to answer. I did note that in my review of the record, and I don't know why they waited so long. It seems like it wasn't important to them at that time, just as— Well, it wasn't important to the plaintiff either. He hadn't ever bothered to take the deposition of either Kerr or try and run down Ms. Williams to find out what their story was. Well, whether or not it was important would be another issue. I believe I pointed out— Do you think the testimony of an eyewitness to the alleged assault would be important in the prosecution of a civil rights case? It is important. Of course it is. But the failure to take depositions is not itself an indication that the plaintiff did not feel it to be important, as I've noted in my— The problem, from our perspective, is it doesn't look like either side was doing anything. I mean, the case gets filed, and then everybody just kind of walks away from it for five or six years. And, in fact, it was in 2001 when this case was assigned to Judge Murguia, in January of 2001, when it started taking shape and getting moving. And I entered an appearance in April of 2001. One of the things I have to say, I think what happened, she was a new judge at that point, right? I'm not quite certain. By the time I got to the case, she seemed like a very seasoned judge. Well, let me be very clear. But what I'm driving at is the ordinary custom, and this may or may not be true in Arizona, but I rather suspect it is, that when a new district judge is assigned, the other judges go through their files and give them all the dogs, all the cases that they have been ignoring, all the cases that they should have been moving along, all the cases they should have been doing pre-trial conferences and scheduling orders on, they get them. So I think there may be enough blame to go around for everybody. Are you aware of any precedents from anywhere in which a period of seven years or longer has been found not an abuse of discretion to permit service of process for the first time? No. There was a case that involved nine years, but I'm not sure what the particular procedural stance on that case was. It wasn't that specific situation where a time of seven years, granting an extension of time after seven years was not an abuse of discretion. I haven't seen that kind of a case. I'll follow up on her question. Have you found any case where the Arizona statute of limitations, as I understand it, is two years, and in this case the effect was to grant an extension for three and a half times the statute of limitation. Have you found any case that says that a court has the power to extend service on a defendant that far beyond the expiration of the statute of limitation? There are cases that where the courts, the appellate courts have held numerous cases, and I cite several of them from this circuit in my brief, where one of the particular reasons that a trial court judge may use in granting an extension of time is realizing that the person who has failed to serve is beyond the statute of limitations, and therefore that would be a direct prejudice to that party if the case can't go forward because of the lack of service. But in the one case I looked at, I can't remember which ninth circuit case it was, it was basically 120 days or 90 days or whatever. It wasn't seven years. Right, and I haven't found a case that has that length of time in it, but what is essential in reviewing the case law is that the time element is not a trump card with respect to everything else, and so I think we look at a totality of the circumstances that you are afraid of. You may be able to help on the relation back to the hypothetical question I asked at the beginning. The ordinary rule is that under certain circumstances you can add someone long after the statute of limitations has expired, so long as the person is sufficiently related to the actual other people who have been named as defendants and so long as they are aware of the lawsuit. And then the relation back doctrine says, okay, it doesn't matter, not only you didn't serve them, you didn't even name them for seven years, and the relation back doctrine would then allow you to get past the statute of limitations problem. And I asked whether there's anything in the record that lets us know whether Ms. Williams was aware of the lawsuit. I have to say, just looking from the outside, my suspicion is that she probably did, but is there anything in the record that tells us one way or the other? Nothing directly, but there certainly is a part of the record that may be well inferred that she was aware. Where did she serve? Was she served in the same county that this all arose in? She was served in Solow, Arizona, which is, I believe, if it's not in Navajo County, would be in the county directly to the south. So within, I would say, less than 100 miles from Winslow. Could you go back and answer Judge Fletcher's question more fully about what inferentially would suggest that she was actually aware? Yes. Count 4, which is the count that went to trial, does specifically name Teresa Williams as well as Jack Kerr as being involved in specific acts against my client. And there were specific items that were listed against Ms. Williams in the complaint. And when the answer was filed on behalf of the defendants, whether they were representing all of them or not, the answer includes general denials of those allegations. It doesn't say... That doesn't prove much. Pardon? That doesn't prove much. I mean, the other defendants might also have a great interest in just saying, you know, all of this is made up. None of this happened. It doesn't matter whether it's for me or... But Rule 11 requires a counsel who is filing an answer on behalf of clients to actually have investigated to the best of their ability whether those allegations are true or not. And it would be improper to file a general denial without actually having talked to Mr. Williams or Ms. Williams. Your point is that if they have not talked to Ms. Williams, some of that they're going to have to say deny on information and belief instead of just a denial? That's correct. Unless they talked to Kerr. But there were specific allegations against each of them. And so if they... Well, but the problem is that we don't know, other than the report that the district court would not admit into evidence, we don't know what Mr. Kerr was capable of. Where's the complaint? Is it in the record? Is it in the excerpts? And I want to look at the count you're talking about. I've got the excerpts. So if it's in the excerpts, you can put my nose into it. I don't believe that the answer to the amended complaint... Well, I want the complaint. I want to know how specific were the allegations. Because the story is that Kerr was involved only there in the middle period and that Williams was involved from early in the morning until late at night. And so if there's some things that were specific to have things while Kerr was not there, then you've got a good point. On the other hand, if they're only with respect to when Kerr was also there, your point doesn't get us very far. This is what the complaint alleges. Is it in the excerpts or are you reading from the record? I'm reading from the record. I don't read in the excerpts. Okay, just read from the record. We can get our hands on it. But what it does say is that Mr. Ifar was restrained in his bed for several hours without adequate medical attention. He was forced to urinate and defecate on himself. And the record does show, as I've pointed out in my response, that the amount of time that Officer Kerr was there, he was just a transportation deputy. He was not a jail deputy. He was only there briefly at the first time when they forepointed him to the bed and then he left. And that is in the record that the only other jail deputy that was there during the rest of the time and that could have any information about what happened after they forepointed him was in fact Deputy Williams. I got it. Okay, thank you. Thank you. Your time has long expired. Thank you. Thank you. Mr. Warner will be a little bit relaxed with your rebuttal time as a result of the length we've given opposing counsel. Just a few points. First Judge Tallman, the notice of association, I looked back at the docket sheet. That was actually my notice of association post-trial as appellate counsel. I see, okay. All right, so that didn't have anything to do. Were you able to tell when a notice of appearance was actually entered on Williams' behalf? I did not have the opportunity to look through the entire docket sheet. But to my recollection, when I went through the record in preparation for this, the first time was when she was served and an answer was filed on her behalf. On the issue of the record on why Ms. Williams was not served earlier, I would just refer you to the three documents the plaintiff filed on this issue. Those are found beginning at pages 6, 12, and 14 of the excerpts. Three very short pleadings. None of them give anything other than a vague statement of well, we haven't been able to find her and serve her. The third and really last point I want to make, the court had asked whether there's any case sort of similar to this one. I looked hard and I didn't find any case in which the time was extended this long and it was upheld. Actually, I didn't find any where the time was extended this long and it was upheld or it was reversed. Certainly not in a case where there's no evidence that the defendant was evading service. Do we know how long Mr. Ifo was incarcerated? Obviously, at the time of the events in question he was incarcerated. Do we know how much longer he was incarcerated? I don't know the answer to that but it was not, I don't believe it was very much longer after that. Okay. Thank you, counsel. Thank you. We appreciate the arguments of both sides and the case just argued is submitted.
judges: Graber, W. Fletcher, Tallman